IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCES HERRERA,<br><br>         Plaintiff<br><br>    v.<br><br>ASOCIACIÓN MAYAGÜEZANA DE<br>PERSONAS CON IMPEDIMENTO, et al.,<br><br>         Defendants | CIVIL NO. 09-1545 (JP) |

**OPINION AND ORDER**

Before the Court is Third-Party Defendant Americorps Vista's ("Americorps") motion to dismiss (**No. 9**) the third-party complaint against it. Said motion is unopposed. Third-Party Plaintiffs Asociación Mayagüezana de Personas con Impedimentos, Esther Caro-Morales, and Esther Vega brought this lawsuit against Americorps requesting money damages. Third-Party Defendant Americorps moves to dismiss the Third-Party complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated herein, Third-Party Defendant's motion to dismiss is hereby **GRANTED**.

**I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Plaintiff Frances Herrera ("Herrera") is a licensed social worker. She alleges that, on August 24, 2007, she was hired by Defendant Asociación Mayagüezana de Personas con Impedimentos ("Asociación Mayagüezana"). Plaintiff alleges that when she started work she was assigned to tasks that were not appropriate for a social

CIVIL NO. 09-1545 (JP)           -2-

worker.  Also, during her time at Asociación Mayagüezana, Plaintiff alleges that Defendants Esther Caro Morales and Esther Vega treated her in a degrading manner, including making disparaging comments and mocking her.

Plaintiff Herrera also alleges that she had an agreement with Asociación Mayagüezana which stated that when a position for social worker became open it would be offered to Plaintiff.  When a social worker position became open, Plaintiff alleges that it was not offered to her, but instead Defendants asker her if she knew a social worker she could recommend for the position.  As a result of Defendants' treatment of Plaintiff, she resigned on October 23, 2007.

After resigning from her job, Plaintiff filed a complaint against Defendants Asociación Mayagüezana, Esther Caro-Morales, and Esther Vega ("Defendants" or "Third-Party Plaintiffs") in the Puerto Rico Court of First Instance of Mayagüez.  Third-Party Plaintiffs then filed a Third-Party complaint in the same Puerto Rico Court of First Instance against Third-Party Defendants Americorps Vista ("Americorps") and MAPFRE.  In said third-party complaint, Third-Party Plaintiffs allege that Americorps is the organization that recruited Plaintiff Herrera as a volunteer and that therefore they should be held liable for any damages awarded to Plaintiff Herrera.  Americorps is a federally conducted program administered by the Corporation for National and Community Service ("CNSC").  CNSC is a wholly owned federal corporation.

CIVIL NO. 09-1545 (JP)          -3-

On June 16, 2009, Third-Party Defendant Americorps filed a notice of removal of the Third-Party complaint filed against it in the U.S. District Court for the District of Puerto Rico. Americorps then filed the instant motion to dismiss.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 09-1545 (JP)            -4-

### III. **ANALYSIS**

Third-Party Defendant moves for the Court to dismiss the Third-Party Plaintiffs' complaint against it, arguing that: (1) the Court lacks subject matter jurisdiction over the claim against Americorps; and (2) the complaint is barred since Plaintiff Herrera failed to follow the specific statutory scheme for her employment discrimination claims. The Court will focus its analysis on the lack of subject-matter jurisdiction argument since it is the dispositive issue in the case. The Court will now consider Americorps' argument.

#### A.   **Lack of Subject-Matter Jurisdiction**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss the complaint due to lack of subject matter jurisdiction of the Court to hear the action. The Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, provides the mechanism through which individuals can sue the United States government for the tortious conduct of its employees. Lazarini v. United States, 898 F. Supp. 40, 44 (D.P.R. 1995) (Pieras, J.). It is the exclusive remedy for actions for money damages, injury, loss of property or death caused by negligent or wrongful actions of federal government employees during the scope of their employment. Lora-Rivera v. Drug Enforcement Admin. Department of Justice, 800 F. Supp. 1049, 1050 (D.P.R. 1992). Under the FTCA, only the United States may be sued *eo nomine*. Marcucci de Mangual v. United States, 131 F. Supp. 2d 263, 265 (D.P.R. 2001) (Pieras, J.).

CIVIL NO. 09-1545 (JP)            -5-

In the instant Third-Party complaint, Third-Party Plaintiffs bring an action for money damages against the Third-Party Defendant Americorps.  Americorps is a program run by CNSC, which is a wholly owned federal corporation.  Under the FTCA, such a suit can only proceed against the United States government itself, and not against CNSC or Americorps.  See Potter v. Ledesma, 541 F. Supp. 2d 463, 466 (D.P.R. 2008) (explaining how suits pursuant to FTCA must be dismissed for want of jurisdiction if they are not brought against the United States, but are instead brought against a federal agency). Because the United States was not included in the Third-Party complaint, the Third-Party complaint against Americorps cannot go forward.

At this juncture, the Court will dismiss the allegations in the Third-Party complaint against Americorps.  Said allegations allowed Third-Party Defendant to remove the case to Federal Court.  As such, there are no other claims pending before this Court which give it jurisdiction.  In view of the policies strongly favoring remand, such as comity and judicial economy, the Court in its discretion remands the instant case to be adjudicated in the proper forum, the courts of the Commonwealth of Puerto Rico.  See, e.g., Acosta Oliveras v. Pittsburgh Corning Corp., 36 F. Supp. 2d 443, 445 (D.P.R. 1999).

**IV.  CONCLUSION**

Thus, the Court holds that the Third-Party complaint against Americorps is dismissed with prejudice. Also, the Court **ORDERS** that

CIVIL NO. 09-1545 (JP)          -6-

the case be remanded to the courts of the Commonwealth of Puerto Rico.  In accordance with this Opinion and Order, the Court will enter a separate judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of November, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE
